Montrell Benard  # 30256-076
Federal Corectional Institution #1
P.O. Box 3725
Adelanto, CA. 92301

RECEIVED

2020 DEC 14  AM 8: 29

COULD
RICT COU...
MEMPHIS

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br>MONTRELL BENARD<br><br>Dedendant. | Case No. 2:17-CR-20103-TLP-3<br><br>MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1) AND FIRST STEP ACT (2018) COVID-19 |

### I.   INTRODUCTION

Defendant, Montrell Benard (Pro se), respectfully moves this court under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act (2018), and Covid-19. He is currently serving 120 months. His projected release date is January 04, 2026.

This Motion is in response to Covid-19, a pandemic disese that has rapidly spread here in FCI Victorville Medium #1, starting in the First week of June, it has been Confirm that this institution have nearly 600 positive cases, in which many have recovered. Defendant is one of the many that fortunately recoverd with his underline heath condition Bronchitis, which is documented in my health records. With the new health related emergency and following the First Step Act Amendment — when combined with an exceptional showing of rehabilitation satisfies the "extraordinary and compelling" reasons standard for a reduction under 18 U.S.C. § 3582(c)(1) and U.S.S.G. § 1B1.13. Through a changed aim at "[i]ncreasing the

use and transparency of compassionate release," § 603(b), Congress authorized Federal courts to consider direct filing of motions for sentence reduction that meet statutory criteria, seperate from the outcome of any paralled, administrative request made within the prison system.

Therefore, after considering the application factors set out in 18 U.S.C. § 3553(a), the Court is respectfully requested to reduce the sentence to time served.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

On August 28, 2019, Judge Thomas L. Parker entered a judgement sentencing Mr. Benard on Count 3 of a superseding Indictment to be served concurrent with case 2:17CR20151-03-TLP for a total term of 120 months, to be followed by 5 years supervised release. Defendant has been in custody since June 28, 2017. Because of the continual spread of the virus here in FCI Victorville #1 and Mr. Benard underline health conditions puts his life at risk if he contracts the virus again, the Center for disease Control and Prevention (CDC) has classified bronchitis as a high risk factor because covid-19 directly attacks the lungs. ("The CDC has identified Bronchitis as comorbidities that increase the likelihood of serious risk from Covid-19 infection with serious complications.") Mr. Benard is requesting for this Court to consider reducing his sentence for "extraordinary and compelling" reasons, to time served.

Mr. Benard filed his initial request for administrative remedy with the Warden on July 22, 2020. On November 03, 2020, the Warden denied request. See Exihibit

Mr. Benard has been in custody for 41 months, und

with a projected release date of January 04, 2026 in the midst of this pandemic is not a guaranteed release date.

## III. JURISDICTION

On December 21, 2018, The First Step Act of 2018, was signed into law. See Pub. L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the Act, Congress amended 18 U.S.C. § 3582(c)(1) to provide the sentencing judge jurisdiction to consider a defense-initiated motion for reduction of sentence based on extraordinary and compelling reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's 'behalf' or "lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. (c)(1)(A) [emphasis added]. See United States v. Miller, No. 2:16-CR-00269-BLW, 2020 U.S. Dist. LEXIS 4797, 2020 WL 113349, at * 2 (D. Idaho Jan. 2020)

In this case, Mr. Benard submitted a request to the warden asking the BOP to file a motion for reduction on July 22, 2020. See Exhibit   More than 30 days have elapsed since that request. Under the amended provisions of 18 U.S.C. § 3582(c)(1) intended to "increase the use of transparency" of this provision, this Court statute list exhaustion and elapse of 30 days as unconditional alternatives in this disjunctive, the Court presently has authority to consider this motion, regardless of any action or inaction by the BOP.

## IV. REDUSING A SENTENCE UNDER THE ACT

Under the provisions of 18 U.S.C. § 3582(c)(1), as amended by the Act, this Court has discretion to reduce the term of imprisonment imposed in this case: a Court "in any case ... (A) reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3582(A) to the extent they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; ... and such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The relevant United States Sentencing Guidelines states "Extraordinary and compelling reasons" include: (1) medical conditions which diminishes the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other "Extraordinary and compelling reasons" that exist either seperately or in combination with the previously described categories. U.S.S.G. § 1B1.13, Application Note 1(A). The Guidelines also require that the defendant not pose a danger to the safety of the community. Id. § 1B1.13 (2).2 Mr. Benard's medical condition having Bronchitis puts him in the High Risk Factors that can have serious consequences. He has already experience the turmoil of contracting the virus, and the medical staff did nothing to help him. He was placed in a isolation unit and placed in a cell with another inmate that had also contracted the virus for thirty-seven days and given tylenol for the aches and pains, and daily temperture checks 90% of the time.

At times Mr. Benard was unsure if he would wake up from his eradict breathing and the constent body aches from contracting Covid-19. Since the passage of the (FSA)

4

which amended § 3582 to allow a defendant to file a motion for compassionate release directly with the Court, district courts have disagreed whether U.S.S.G. § 1B1.13 remains binding. A number of districts courts nationwide have determine that the Policy Statement provision "no longer fits with the Statute," United States v. Cantu, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019), because the statement has not been amended since the First Step Act passed to reflect that both defendants and the BOP may move for compassionate release. With the steady advancement of COVID-19 here in FCI Victorville #1, Benard respectfully moves that this court reduce his sentence to immediate release.

In turn, U.S.S.G. § 1B1.13 states three criteria for a reduction: the court determines that—(1)(A) extraordinary and compelling reasons warrant the reduction" "(2) the defendant is not a danger to the safety of any person or to the community" under the usual bail factors, and "(3) the reduction is consistent with this Policy Statement." Benard meets all criteria.

The Second step is to decide whether, in light of the factors in 18 U.S.C. § 3553 (a), to grant a reduction. This case warrants a reduction under the statute, considering the full range of factors, including post sentence rehabilitation.

## V. ARGUMENT FOR SENTENCE REDUCTION

Mr. Benard must show "extraordinary and compelling reasons" to qualify for a reduction. These are defined in Application Note 1 of § U.S.S.G. § 1B1.13. The Note states that "any" of the listed circumstances can suffice to make the required showing.

In this case, Benard relies on criterion set out in Application Note I(A) and (D), "medical" and the residual provision for "other reasons." With the changes made to the sentence-reduction statute by the Act, the legislative history shows that courts need not await a motion from the BOP nor that the reasons justifying resentencing involve only the circumstances promulgated by BOP. Benard suffers from Bronchitis and it puts him at high risk of danger to his health and livelyhood with this deadly virus. The CDC's guidance for Correctional and Detention Facilities notes that the circumstances in prisons present "unique challenges for control of COVID-19, transmission among incarcerated/detained persons, staff, and visitors," with the observation that "[c]onsistent application of specific preparation, prevention, and management measures can help reduce the risk. None of the CDC prevention measurements has stop the continual spread of the COVID-19 virus.

Regardless of the number of COVID-19 cases at any given time, "infection can spread with a deadly speed." United States v. Etzel, No. b:17-CR-0001, 2020 U.S. Dist. LEXIS 77198, 2020 WL 2096423 at *4 (D.Or. May 1, 2020)("Here in FCI Victorville #1 it was hundreds of cases in week's time".) As other courts have found, inmates with multiple health conditions can demonstrate an "extraordinary and compelling reason" warranting a reduction, even with no confirmed cases in the institution where they are housed.

Here Mr. Benard's chronic Bronchitis, puts him at risk of suffering serious, possibly life-threatening, medical consequences if he contracts the COVID-19 a second time. Given the public landscape on health, the likelihood of COVID-19 in it's second wave spreading rapidly here in FCI Victorville #1 puts Benard's life and liberty at risk.

6

## A.   EXTRAORDINARY AND COMPELLING REASONS
## EXIST IN THE CASE

The First Step Act has broaden how courts are to examine applications of sentence reduction under 18 U.S.C. § 3582(c)(i)(A). In this case, Mr. Benard is asking the court to examine whether or not "extraordinary and compelling reasons" warrant a sentence-reduction because of the surge and risk of COVID-19. In response to COVID outbreaks in the Victorville facilities, on July 22, 2020, Benard made his request for administrative remedy to the warden. His underline medical condition place him at high risk of contracting and possibly succumbing to COVID-19.

Mr. Benard has been imprisoned 41 months; he is asking the Court to reduce his remaining 61 months to time served and Home Confinement and extention of supervised release.

During his time in BOP custody, Mr. Benard has only had time to take a few educational courses and due to the COVID has put all program related transfers on hold. He has zero disciplinary infractions. Mr. Benard has been a model prisoner, and before the modified lock down he continually kept busy through his work detail.

Several courts have concluded that due to COVID-19 outbreaks in the BOP there are "extraordinary and compelling reasons" for sentence reductions. See <u>United States v. Rodriguez</u>, Crim. A. No. 03-271, 2020 U.S. Dist. LEXIS 58718, 2020 WL 1627331, at *1, 8-9 (E.D. Pa. Apr. 1, 2020) ("Prisons are tinderboxes for infectious disease."). And is precisely why this Court

should find the "extraordinary and compelling reasons" criterion satisfied here as well.

## B. THE REMAINING CRITERIA OF § 1B1.13 are ALSO MET

With trepidation and fear, Mr. Benard contends with the steady spread of COVID-19 that has entered the facility in Federal Correctional Institution Victorville #1, Benard's preexisting health issue put him at high risk of succumbing to this deadly virus. Combined with his laudable prison record, meets the "extraordinary and compelling reasons" under Application Note 1(D). The second criterion, dangerousness, looks to factors in 18 U.S.C. § 3142(g). See § 1B1.13(2). The facts show Mr. Benard would not be a danger to others under the statute. Accordingly, the Court should find § 1B1.13(2) met as well. Because he meets that standard, he satisfies all requirements of § 1B1.13 cmt. N.5 (stating that satisfaction of (1) and (2) satifies criterion (3)). Recalling the overall goal of criterion (2) is to decide whether Mr. Benard would be a danger to the public or individual.

Mr. Benard's continual improvement and recent conduct are far more indicative of his predicated future than those details of his past offenses. See _Pepper v. United States_, 562 U.S. 476, 491, 131 S. Ct. 1229, 179 L.Ed. 2d 196 (2011). Moreover, Mr. Benard hails from Southern California, His family and roots is in Southeast Los Angeles, his only daughter risides in Los Angeles. He has significant ties to the community. In view of bail consideration pertinent to post-conviction context and based on his current circumstances, Mr. Benard Presents No "danger to the safety of any person or to the community".

8

The § 3142 (g) Factors show Mr. Benard would not be a danger to others on release. His case therefore meets all three criteria under § 1B). 13, qualifying for a reduction.

## VI.   Consideration of the 18 U.S.C. § 3553 (a) Factors

Not only is Mr. Benard eligible for a sentence reduction, but under § 3553 (a), a favorable exercise of discretion is warranted. Mr. Benard has served more than one-third of his sentence and he is eligible for the drug program which will take a year off his sentence, also with a year eligibility for the half way house plus the 15 days a month good time credit for Programming would put me out in late **2022**, but due to the COVID-19 has put all programs on hold. The Court should conclude that Forty-One months is sufficient time to satisfy the statutory purposes of sentencing esspecially in the midst of this pandemic, any longer term of incar- ceration would be greater than necessary to suffice for the purposes of 18 U.S.C. § 3553(a). The Court should resentence him accordingly.

### 1.   History and Circumstances

Under Pepper's, the most indicative of Mr. Benard includes his post-conviction record. As to that his prison record has been spent productively and virtually without any negative incident. Mr. Benard has been a model prisoner.

It is true that the offense committed more than three years ago was for the Distribution and Sells of Control Substances for which he has accepted responsibility. However, as the rationale of Pepper's infers, it is recent conduct that more accurately reflects the person after the changes of time; it shows that we are not simply the worst thing we have ever done.

9

Considering the entire range of the history and circumstances of Mr. Benard's case, Forty-one months imprisonment sufficiently satisfies 18 U.S.C. § 3553 (a)(2)(A).

Congress passed the First Step Act § 603 which describes this provision as "Increasing the Use and Transparency" of 18 U.S.C. § 3582(c)(1) process. In the House of Representatives, Representive Nadler noted that the First Step Act would provide measures to improve the welfare of Federal inmates. With COVID-19, the closed and clustered enviroment, and his underlying health condition, Mr. Benard is at high risk for contracting and succumbing to Coronavirus. To protect the life of the inmate, this court should grant a sentence reduction.

## 2. Deterrence and Protection

Given Mr. Benard has already spent three and a half years in prison for the current offense. The Court may consider the amount of time left on a defendant's sentence in deciding a motion for compassionate release. United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020). This is so because the length of time the defendant has already served is highly relevant to whether a reduced sentence will still sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid unwarrented sentence disparities among defendants with similar records who have been found guilty of similar conduct. See id.; 18 U.S.C. § 3553(a)(2,b).

The Court should reduce Mr. Benard's sentence to time serve, in combination with the extention of supervision and home confinement, that will sufficiently reflect the seriousness of his offense and the need to provide just punishment, respect for the

law, and adequate deterrence. In light of the fact that Benard has already served forty-one months in prison and his immediate release, "makes a marginal difference to his punishment. But the difference to his health could be profound.

## 3. Rehabilitation

Deciding to continue imprisonment cannot be based in any part on a belief that it would aide in rehabilitation or treatment. See Tapia v. United States, 564 U.S. 319, 333-34 (2011). Consequently, 18 U.S.C. § 3553(a)(2)(D) is a wash in the Court's analysis. In light of Mr. Benard's record of rehabilitation, the only legitimate use of this factor is to lessen the term of his imprisonment.

## 4. Analyzing Sentence

In regard to 18 U.S.C. § 3553 (a)(3)-(6), the Court should consider the fact that Mr. Benard's request for sentence reduction is based on the rapid spread of this lethal COVID-19 in Federal prison facilities, risk to the inmate's health, time-served, and Mr. Benard's meritous record. Research confirms that Coronavirus is deadly and affecting a disproportionate number of African Americans, and those with underlying health conditions. See https://www.bop.gov/coronavirus/index.jsp.

The Forty-One months sentence already served is sufficient; remaining in custody may be detrimental to the welfare and well-being of the inmate.

## 5. Restitution

Restitution was not ordered in the judgement, 18 U.S.C. § 3553(a)(7) does Not apply. See ECF # 432 (Aug. 28, 2019)

11

In light of the above, the Court should conclude that the sentencing under 18 U.S.C. § 3553(a), rendering any additional incarceration greater than neccessary. Considering Mr. Benard's "extraordinary and compelling reasons" for sentence reduction, the Court should reduce his sentence in accordance with 18 U.S.C. § 3582(c)(1) and § 3553(a).

## VII. Request For Appointment of Counsel

Mr. Benard has filed this motion pro se. Because he had help preparing this motion and need proper representation to move further with any more litigations, to make sufficient arguments, and because the facility has been on Modified lock-down since April 1, 2020, the inmate does not have access to the legal law library.

## VIII. Conclusion

FOR the foregoing "extraordinary and compelling reasons," Mr. Benard respectfully request that the Court grant a reduction to reflect time-served (i.e. 41 months).

RESPECTFULLY SUBMITTED THIS _02_ DAY OF _DECEMBER_, 2020

Signature _Montrell Benard_

Montrell Benard #30286-076
FCI Victorville #1
P.O. BOX 3725
Adelanto, CA. 92301

12

# CERTIFICATE OF SERVICE

I, _Montrell Benard_, hereby certify that I have served a true and correct copy of the following:

_Motion to Reduce Sentence, under 18 U.S.C. § 3582(c)(1), and First Step Act (2018), COVID-19,_

by placing in a sealed, postage prepaid envelope addressed to:

United States District Court
Western District of Tennessee
Honorable Thomas L. Parker

242 Federal Bldg., 167 N. Main St.

Memphis, TN. 38103

Kevin P. Whitmore
U.S. Attorney Office
Federal Bldg
167 N. Main St., Ste 800

Memphis, TN 38103

And deposited in the mail at FCI Victorville, #1.

I declare, under penalty of perjury (Title 28 U S C § 1746) that the foregoing is true and correct.

Dated this _02_ day of _DECEMBER_, 2020

Signature _Montrell Benard_

Montrell Benard #30286-076
FCI Victorville, #1
PO Box 3725
Adelanto, California 92301

Montrell Benard # 30286-076
Release Plans

1. First, I will meet with assigned Supervision officer to discuss the terms and conditions of my supervision.

2. Second, I will be residing with my cusin Latrice Benard, at 15732 Perilla Ave. #3, Paramount CA. 90723, tel.(her son) Anthony Murphey (310)735-6751

3. Third, aqvire State I.d. or Driver License.

4. Fourth, I am going to the County office to apply for Medical

5. Fifth, seek employment

Dated this _02_ day of _DECEMBer_ , 2020

Signature _Montrell Benard_