## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cr-20103-TLP-3 |
| v. ) | |
| ) | |
| MONTRELL RAY BERNARD, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Montrell Ray Bernard moves pro se for compassionate release. (Case No. 17-20103 at ECF No. 534.) And the Government responded. (*Id.* at ECF No. 546.) As explained below, this Court finds that Defendant is not entitled to compassionate release. The Court therefore **DENIES** Defendant's compassionate release motion.

### BACKGROUND

In May 2017, the federal grand jury charged Defendant in two separate indictments with conspiring to possess marijuana, Hydrocodone, Oxycodone, and methamphetamine with intent to distribute. (*See* Case No. 17-20103 at ECF No. 274 and Case No. 17-20151 at ECF No. 3.) In December 2018, Defendant pleaded guilty to conspiracy to possess and distribute marijuana. (Case No. 17-20151 at ECF No. 517.) And he pleaded guilty to possession with intent to distribute methamphetamine. (Case No. 17-20103 at ECF No. 340.) In August 2019, this Court sentenced Defendant in both cases to imprisonment for 120 months under a Rule 11(c)(1)(C) sentencing recommendation from both parties. (*See* Case No. 17-20151 at ECF No. 763.)

In July 2020, Defendant requested the Warden to recommend to the BOP to move for compassionate release on his behalf. (Case No. 17-20103 at ECF No. 543 at PageID 2530.) On the application, Defendant explained that he was requesting compassionate release because of the rapid spread of COVID-19 and that he had chronic bronchitis. (*Id.*) The Warden denied Defendant's request. (*Id.* at PageID 2529.) And now Defendant moves pro se seeking for this Court to grant compassionate release due to COVID-19. (Case No. 17-20103 at ECF No. 534.)

In his motion, Defendant claims that his facility had a bad virus outbreak in June, and that he caught and survived COVID-19. (*Id.* at PageID 2501–03.) But Defendant is still concerned about catching COVID-19 a second time because he has had bronchitis. (*Id.*) He also points out that he has had zero disciplinary issues while incarcerated. (*Id.* at PageID 2504.)

The Government responds arguing that (1) Defendant has identified no "extraordinary and compelling reason" justifying compassionate release; (2) the BOP has responded to COVID-19 with reasonable and effective protective measures for inmates; and (3) the section 3553 sentencing factors weigh against release. (*Id.* at ECF No. 546.) The Government also explains that there is only one reference to bronchitis in Defendant's medical records, and it was a reference from when he was a child. (*Id.* at PageID 2558.) The Government argues that his medical history is not made extraordinary just because we are experiencing a pandemic. (*Id.*) What is more, the Government explains that, even if Defendant does have chronic bronchitis, the CDC has not listed bronchitis as a condition that would place Defendant at a high risk of catching COVID-19. (*Id.* at PageID 2559.) Finally, the Government contends that Defendant's facility has fewer cases now, so there is no reason to believe he is at a higher risk of catching COVID-19 a second time than if the Court released him. (*Id.* at PageID 2560.)

## STANDARD OF REVIEW

The Court begins with when and under what circumstances it may modify a sentence. A sentencing court lacks inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Even so, 18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]." Motions under that section are known as "motions for compassionate release." *United States v. McCann*, No. 13-cr-52, 2020 WL 1901089, at *1 (E.D. Ky. Apr. 17, 2020).

"The compassionate release provisions were … intended to be a safety valve to reduce a sentence in the unusual case in which the defendant's circumstances as so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner." *United States v. Poole*, 472 F. Supp. 3d 450, 453–54 (W.D. Tenn. 2020) (citing S. Rep. 98-225, at 121 (1983)) (internal quotation marks omitted).

In the First Step Act of 2018, Congress notably amended that statute to allow a prisoner to move for compassionate release on his own behalf. Pub. L. No. 115-391, 132 Stat. 5194, 5239. Congress's intent was to "[increase] the use and transparency of compassionate release." *Id.* That section now provides that

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …

18 U.S.C. § 3582(c)(1)(A).

And in the United States Sentencing Commission Guidelines Manual, the Sentencing Commission has published a policy statement addressing the standards for compassionate release. *See* U.S.S.G. § 1B1.13 ("Policy Statement"). That Policy Statement directs courts to determine that "the defendant is not a danger to the safety of any other person or to the community," before reducing a term of imprisonment under § 3582(c)(1)(A). (*Id.*) The Application Notes to the Policy Statement describe four categories of "extraordinary and compelling reasons" that may justify compassionate release under § 3582(c)(1)(A): (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. N.1(A)–(D).

And recently, the Sixth Circuit has explained that before granting compassionate release, a district court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, (2) ensure that such a reduction fits with applicable policy statements issued by the Sentencing Commission, and (3) consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Even so, the Sixth Circuit made clear that when an inmate brings a motion directly and on his own behalf, the court need not consider the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519–20. Instead, the district court has full "discretion to define 'extraordinary and compelling' on their own initiative," and that court cannot then use the Policy Statement as an independent basis to deny a defendant-filed motion. *Id*.

Finally, Section 3582(c)(1)(A) requires defendants to first exhaust their administrative remedies with the BOP before seeking relief in the district court. *United Sates v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). A prisoner, therefore, may move for compassionate release in federal court after he has either (1) "fully exhausted all administrative rights to appeal a failure

4

of the Bureau of Prisons to bring a motion" on his own behalf, or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Even though this exhaustion requirement does not implicate subject-matter jurisdiction, it remains a mandatory condition. *Alam*, 960 F.3d at 833. If the Director of the BOP does not move for compassionate release, a prisoner may then take his claim to court only if he first "fully exhausts all administrative rights to appeal" with the prison or waits 30 days after his request to the prison. *Id.* at 833–34 (quoting 18 U.S.C. § 3582(c)(1)(A)). And defendants bear the burden of proving they have exhausted their administrative remedies and are entitled to compassionate release. *United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020) (citing *United States v. Ebbers*, No. 02-cr-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020)).

This exhaustion requirement serves the important policy of courts maintaining orderly proceedings which prevent prisoners from charging straight to federal court without giving the bureau of prisons a chance to consider the request and properly vet their claims. *Alam*, 960 F.3d at 835. It also allows the prison administrators to prioritize the most urgent claims and to investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist. *Id*.

## ANALYSIS

To begin, the Court notes that Defendant has exhausted his administrative remedies here by petitioning his Warden for compassionate release. (*See* Case No. 17-20103 at ECF No. 543 at PageID 2530.) And the Government does not dispute that Defendant has exhausted here. (*Id.* at ECF No. 546 at PageID 2554.) So the Court will now address the merits of Defendant's motion.

I.  **Extraordinary or Compelling Circumstances**

The Court agrees with the Government's analysis of Defendant's motion. Defendant has identified no extraordinary or compelling circumstances to warrant compassionate release.

For starters, the Court recognizes that Defendant has already caught COVID-19. This means he is unlikely to catch it again any time soon.[1] Second, the Court finds that Defendant's childhood bronchitis does not present an extraordinary circumstance. The Centers for Disease Control and Prevention has not identified bronchitis as a potential condition that may increase the risk of severe illness from COVID-19.[2] What is more, the BOP has striven to reduce the spread of COVID-19 and the vaccines are now being distributed more widely.[3] And Defendant is only thirty-eight years old which is not in a high risk age range. (*See* Case No. 17-20151 at ECF No. 693.)

The bottom line is that Defendant simply fails to show that his health presents extraordinary and compelling circumstances warranting compassionate release.

II.  **18 U.S.C. § 3553(a) Sentencing Factors**

Yet even if the Court were to find extraordinary and compelling reasons to justify release, the Court would still deny Defendant's motion based on the § 3553(a) sentencing factors. These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Mar. 16, 2021).
[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 16, 2021).
[3] *See* https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2021).

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

And the Court considered all these factors less than two years ago and determined that both parties' recommendation of a 120-month sentence of imprisonment was appropriate. (*See* Case No. 17-20151 at ECF Nos. 693 & 761.) Nothing here changes this Court's opinion. Defendant, as a member of the Grape Street Crips gang, participated in a drug trafficking scheme from 2013 to 2017. (*Id.* at ECF No. 693-1.) During that time, he shipped packages of both marijuana and methamphetamine, and when the authorities arrested him, he had ammunition, drug paraphernalia, and a large sum of money. (*Id.*) The Court also notes that Defendant has amassed a significant criminal history. (*Id.*) What is more, at this point, Defendant has only served a small fraction of the sentence this Court imposed.

So upon review of the sentencing factors (and as set forth in the pre-sentencing report), the Court holds that a sentence reduction is inappropriate. (*See id.*) Defendant's sentence reflects the seriousness of his offense, affords adequate deterrence from criminal conduct, and protects the public.

## CONCLUSION

In the end, the Court finds that Defendant's health is not an extraordinary and compelling reason to grant compassionate release. And considering the § 3553(a) factors, the Court finds that Defendant's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). So the Court **DENIES** Defendant's Motion for Compassionate Release.

7

**SO ORDERED**, this 29th day of March, 2021.

                                          s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE